McKinney, J.
delivered the opinion of the court.
Several grounds of error have been assigned, and urged in argument at the bar, by the counsel for the plaintiff in error, in this case. Upon the last ground, passing without any discussion, for the present, the other grounds, we think it clear the judgment of the circuit court is erroneous. That ground ist the incompetency of the witness Stout, arising out of his liability over to *358 the defendant Gilbert, by whom he was called, upon the covenant of indemnity, or guaranty, exhibited in the record.
It appears from the record that, on the first day of February, 1847, the defendant Gilbert sold his interest in the steamboat, Bolivar, to Ira A. and C. C. Stout, who executed to him an obligation, signed and sealed by the latter, in the following words: “ Whereas Phineas Gilbert having this day disposed of to us all his right, title, and entire interest in the steamboat Bolivar, we having assumed all the debts, claims, &c. against the steamboat Bolivar for which the said Phineas Gilbert has heretofore been held accountable; .and entirely release him from the payment of any debts, claims, &c. which has been, or shall be contracted for said steamboat Bolivar; and this shall be his guarantee for the same.”
The present action was brought against the defendant, Gilbert, to recover a debt due to the plaintiff, “contracted for said steamboat” in 1846, prior to the sale of his interest as above stated.
On the trial in the circuit court, the defendant, Gilbert, called, as a witness on his behalf, C. C. Stout, one of the parties to the foregoing obligation, to whose competency the plaintiff’s counsel objected; but the objection was overruled, and the defendant was permitted to examine said witness, whose testimony was material to the issue.
From the foregoing statement it is manifest, that Stout was incompetent as a witness. There can be no doubt but that the witness, either individually, or jointly with others, at the election of the defendant, would be liable to the latter, upon the covenant of indemnity, to the extent of the recovery in the present suit, in the event *359 of a recovery by the plaintiff; including the costs of suit, and damages likewise, upon a proper case for damages being made out.
It is well settled, that an obligation on the part of one called as a witness, to indemnify the party by whom he is called against the judgment which may be recovered against the latter, in the pending suit, will exclude the witness; so an engagement to indemnify against the consequence of some fact essential'to the judgment, will have the same effect; for it is, in effect, a covenant of indemnity against such a judgment. 1 Greenleaf’s Ev.; sec. 397. Mere liability for the costs of the suit, will render the witness incompetent for the party in whose favor he is interested, Id. sec. 401.
Let the judgment be reversed, and the case be remanded for a new trial.